UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBORAH MODICA                                              CIVIL ACTION

VERSUS                                                      NO. 2:19-CV-14464

LIFE INSURANCE COMPANY OF NORTH AMERICA

## COMPLAINT

The Complaint of Deborah Modica respectfully alleges:

1. This is a claim for long term disability benefits.

2. This Court has jurisdiction and venue under 28 U.S.C. 1332, as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. **Plaintiff, Deborah Modica**, of lawful age and a resident of Gretna, Louisiana is a plan participant and beneficiary of a group disability plan created by her employer, Jefferson Parish School Board, and an insured participant of a group disability policy issued by Life Insurance Company of North America.  Ms. Modica is a resident of Gretna, Louisiana and intends to remain here.  She is a citizen of Louisiana.

4. **Defendant, Life Insurance Company of North America ("LINA")**, is a foreign corporation, domiciled in Pennsylvania, where its principal place of business is located, and incorporated in Pennsylvania and authorized and doing business in Louisiana.

5. LINA issued a group disability policy insuring the employees of Jefferson Parish School Board.

6. Plaintiff's disability policy is part of a non-ERISA plan, as Jefferson Parish School Board is a governmental entity and therefore exempt from ERISA under 29 U.S.C. Sec. 1003.

7. Plaintiff is disabled under the terms of the LINA insurance policy and has provided Defendant with ample medical documentation and other evidence supporting her claim for disability benefits.

8. Plaintiff worked as a high school teacher before her medical condition required that she take disability leave.

9. Plaintiff's medical conditions prevent her from performing her job duties.

10. LINA received satisfactory proof of loss that fully apprised LINA of Plaintiff's entitlement to disability benefits.

11. LINA has, without good reason or cause, denied the claims for benefits despite receipt of overwhelming proof of her claim for disability benefits.

12. LINA refused to promptly and fairly adjust and pay these claims. Plaintiff therefore seeks penalties against LINA under the Louisiana Insurance Code, including, but not limited to, LA 22:658, LA RS 22:1892, LA RS 22:1821.

13. A reasonable and prudent businessman would have paid Plaintiff's claims after receiving the Proof of Loss Plaintiff provided to LINA.

14. LINA's failure to pay these claims was arbitrary and capricious, without good cause, and made in bad faith.

15. Despite receiving sufficient proof of loss, Defendant did not pay the claims within 30 days.

16. LINA's denial of these claims has caused Plaintiff financial damage, emotional distress, embarrassment, and anxiety, as without her disability income from LINA she has been unable to pay for her continuing medical expenses and living expenses.

17. LINA breached its obligations under the Policy to Plaintiff by failing and refusing to pay benefits to her after receiving proof of loss.  Further, LINA's denial letters constitute an express repudiation and anticipatory breach of LINA's future obligations to pay benefits to Plaintiff under the Policy, thus making all such obligations now due and owing.

18. LINA failed to provide requested information to Plaintiff and to her attorney, such as a complete copy of LINA's claims files.

19. Defendant intended to cause Plaintiff to suffer severe emotional distress or acted with a reckless disregard of the probability that such distress would result from its conduct.

20. LINA's denial of these claims has caused Plaintiff untold financial and emotional hardship. She has been deprived of substantial disability income that she needs to pay her ongoing medical and living expenses.

21. LINA unlawfully denied Plaintiff benefits she is entitled to under terms of the LINA disability policy.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

**1.** For damages, including past and future disability benefits under policy terms, plus interest;

**2.** For penalties under the Louisiana Insurance Code, including, but not limited to LA RS LA 22:658, LA RS 22:1892, LA RS 22:1821;

**3.** For damages for the physical and emotional distress LINA caused to Plaintiff;

**4.** For all reasonable attorney fees and court costs;

**5.** For trial by jury; an

**6.**     For all other relief as the facts and law may provide.

                                                Respectfully submitted,

                                                /s/ Reagan L. Toledano
WILLEFORD & TOLEDANO
Reagan L. Toledano (LA. 29687)
James F. Willeford (LA. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com